Lanning M. Trueb, ABA #8911083
JOHNSON BEARD & TRUEB, PC
330 L Street
Anchorage, AK 99501
Phone: (907) 277-0161
Fax: (907) 277-0164
Email: Lmtrueb@msn.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| SCOTT GILBERT,<br><br>    Plaintiff,<br><br>v.<br><br>Olson Marine, Inc., *in personam*, and Tug HARRIET O, O.N. 503101, and her engine, machinery, tackle, gear, appurtenances, apparel, furniture and equipment, *in rem*,<br><br>    Defendants. | No. 3:21-cv-_____<br><br>**PLAINTIFF'S VERIFIED COMPLAINT *IN PERSONAM* AND *IN REM* FOR MARITIME PERSONAL INJURY DAMAGES** |

## ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT SECURITY AND PREPAYMENT OF COSTS
### (28 U.S.C. §1916)

Plaintiff Scott Gilbert, through counsel Lanning M. Trueb of Johnson Beard and Trueb, PC, herein files his Verified Complaint.

## JURISDICTION AND VENUE

1.    This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears. This is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h). The negligence action against plaintiff's employer arises under §33 of the Merchant Marine Act of 1920, presently found at 46 U.S.C §30104 (Jones Act). Plaintiff's other claims arise under

Verified Complaint
*Gilbert v. Olson Marine, Inc., et al.*
Page 1 of 6
Case 3:21-cv-00161-SLG    Document 1    Filed 07/09/21    Page 1 of 6

the general maritime law. Plaintiff waives his right to a trial by jury and elects to try his action on the admiralty side of this Honorable Court. For the reasons noted more fully below, both jurisdiction and venue are appropriate before this Court.

## THE PARTIES

2. Plaintiff hereby realleges and incorporates Paragraph 1.

3. Plaintiff Scott Gilbert is a resident of the State of Washington, and at all material times was a seaman in the service of the Tug HARRIET O, O.N. 503101.

4. At all times material, defendant Olson Marine, Inc. was and is an Alaska company with its principle place of business in Alaska.

5. At all times material, Olson Marine, Inc. was plaintiff's employer.

6. At all times material, Olson Marine, Inc. was the owner and/or owner *pro hac vice* and/or operator and/or charterer and/or controller of the Tug HARRIET O.

7. The *in rem* defendant HARRIET O, O.N. 503101, is a vessel and is now or will be, during the pendency of process hereinafter, within this district and the jurisdiction of this Court.

## CLAIM FOR JONES ACT NEGLIGENCE & UNSEAWORTHINESS

8. Plaintiff hereby realleges and incorporates paragraphs 1-7.

9. On or before August 3, 2018, plaintiff was engaged as a seaman by Defendant Olson Marine, Inc. and/or its agent(s) to be employed as a seaman aboard the Tug HARRIET O.

10. On or about August 3, 2018, and while plaintiff was performing his duties aboard the Tug HARRIET O, and as a direct and proximate result of the negligence of defendant Olson Marine, Inc. and/or the unseaworthiness of the Tug HARRIET O, plaintiff was seriously and permanently injured when he was caused to fall against the vessel's stern bulkhead when the

Verified Complaint
*Gilbert v. Olson Marine, Inc., et al.* Page 2 of 6
Case 3:21-cv-00161-SLG   Document 1   Filed 07/09/21   Page 2 of 6

JOHNSON BEARD & TRUEB, PC
330 L STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

JOHNSON BEARD & TRUEB, PC
330 L STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

Captain prematurely put the vessel into gear causing plaintiff to injure his knee, arm and other body parts. Plaintiff's arm was also injured when he was hit by an improperly latched door.

11. As a direct and proximate result of said negligence and unseaworthiness as herein alleged, plaintiff was caused to suffer severe injuries, *inter alia*, to his knee, arm and other body parts, and plaintiff suffered and may continue to suffer in the future, great amounts of physical pain with resultant physical disability and mental suffering.

12. Plaintiff was not comparatively at fault for his injuries.

13. Additionally, after plaintiff suffered his injuries while in the service of the Tug HARRIET O, defendant Olson Marine, Inc. failed to pay and/or timely pay plaintiff all the maintenance and cure he was owed. Defendant's negligent and/or intentional failure to pay all maintenance and cure owed, or otherwise provide for plaintiff's medical care and support during convalescence is the direct and proximate cause of additional physical and emotional injuries suffered by plaintiff.

14. As a direct and proximate result of the above-described injuries, plaintiff was prevented from, and may in the future be prevented from, completely pursuing his regular occupation. In addition to the loss of income, loss of enjoyment of life, and pain and suffering plaintiff has already suffered because of his injuries, plaintiff was prevented from, and he will in the future be prevented from enjoying the enjoyments and pursuits of life, and plaintiff has further incurred, and will in the future incur medical expenses, lost earnings and lost earning capacity, pain and suffering, anguish, disfigurement, psychological stress, disability and loss of enjoyment of life, all to plaintiff's damage in the sum in excess of Five Hundred Thousand Dollars ($500,000.00), to be proven more definitely at trial in this matter.

Verified Complaint
*Gilbert v. Olson Marine, Inc., et al.*
Page 3 of 6
Case 3:21-cv-00161-SLG   Document 1   Filed 07/09/21   Page 3 of 6

## CLAIMS FOR MAINTENANCE, CURE & UNEARNED WAGES

15. Plaintiff hereby realleges and incorporates Paragraphs 1-14.

16. A vessel employer owes all seamen who become ill or injured while in the service of their vessel the no-fault maritime obligations of maintenance, cure and unearned wages.

17. The vessel employer's obligation to pay maintenance, cure and unearned wages is the most pervasive of all the obligations owed a seaman.

18. Olson Marine, Inc. was plaintiff's vessel employer.

19. Olson Marine, Inc. owed a duty to pay plaintiff maintenance, cure and unearned wages for the injuries plaintiff incurred aboard the Tug HARRIET O.

20. After plaintiff suffered his injuries on the Tug HARRIET O, Olson Marine, Inc. failed to pay plaintiff all maintenance, cure and unearned wages owed.

21. Plaintiff also claims herein all future maintenance and cure to which he is entitled, all in an amount to be determined at trial.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff prays this Court to hear his just cause of action, and that this Court require the defendants to answer his just cause of action, and that he be awarded judgment against the defendants as follows:

1. That plaintiff be awarded maintenance, cure and unearned wages against the defendants in an amount to be more fully determined at trial in this matter;

2. That plaintiff be awarded compensatory damages and general damages and any other damages allowable under the general maritime law against the defendants jointly and severally in a sum in excess of Five Hundred Thousand Dollars ($500,000.00), in an amount to be more fully determined at trial in this matter, and;

3. That the defendant HARRIET O be held to answer to an *in rem* judgment, with all available *in rem* procedures; and that plaintiff be adjudged a holder of a personal, preferred maritime lien against the vessel.

4. That plaintiff be awarded attorney's fees, prejudgment interest, post-judgement interest, cost, and any other relief in law or equity to which plaintiff is shown to be entitled.

DATED this 9th day of July, 2021.

                JOHNSON BEARD & TRUEB, PC
                Attorneys for Plaintiff

                By: /s/ Lanning M. Trueb
                    Lanning M. Trueb, ABA No. 8911083

JOHNSON BEARD & TRUEB, PC
330 L STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

Verified Complaint
*Gilbert v. Olson Marine, Inc., et al.*
Page 5 of 6
Case 3:21-cv-00161-SLG   Document 1   Filed 07/09/21   Page 5 of 6

# VERIFICATION

I, SCOTT GILBERT, herein verify that I have read Plaintiff's Verified Complaint *In Personam* and *In Rem* for Maritime Personal Injury Damages in *Gilbert v. Olson Marine, Inc., et al.*, know the contents thereof, and that the same is true to the best of my knowledge and belief, based upon the information available to me.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on _____July 9_____, 2021.

_____
SCOTT GILBERT